NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3394
_____

UNITED STATES OF AMERICA

v.

HAKIM HANDY,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-17-cr-00310-001
Honorable Matthew W. Brann, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 11, 2019

BEFORE:  HARDIMAN, PORTER, and COWEN, Circuit Judges

(Filed: August 9, 2019)
_____

OPINION*
_____

COWEN, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Hakim Handy appeals from the criminal sentence entered by the United States District Court for the Middle District of Pennsylvania. We will affirm.

I.

Handy entered a guilty plea to one count of conspiracy to distribute 28 grams or more of crack cocaine and additional quantities of heroin in violation of 21 U.S.C. § 846. The government agreed to recommend a three-level reduction for acceptance of responsibility. The presentence investigation report ("PSR") determined that Handy had a criminal history score of 20 and was a career offender, resulting in a criminal history category of VI. With a total offense level of 35, the PSR calculated an advisory Sentencing Guidelines range of 292 to 365 months of imprisonment.

Although acknowledging that he was technically a career offender, Handy objected on the ground that the designation overstated the extent of his prior record (as well as on the ground that he was sentenced concurrently for two of the prior felony convictions). He also asked for a departure based on his exceptional lack of support and guidance when he was a youth as well as his history of early drug use. In his sentencing memorandum, Handy requested a below-Guidelines sentence because of his criminal history, family dynamics, and alleged unwarranted sentencing disparities.

At Handy's sentencing hearing, the government agreed that he should receive a third point for acceptance of responsibility. Handy's counsel agreed to the withdrawal of his "concurrent sentences" objection and that there were no other objections "that bear directly upon the advisory guideline range calculation contained within that report." (A23-24.) The District Court accordingly determined that Handy "has a criminal history

2

category of six, an offense level of 34, an advisory guideline range of imprisonment then of between 262 and 327 months." (A24.) Defense counsel also acknowledged that "there [were] no motions for departure." (Id.) According to Handy's attorney, "a sentence below the guidelines would reflect the below average upbringing he had and the possibility of changing that cycle [of crime], changing his daughter's life for the better." (A33.)

The District Court ultimately imposed a sentence of 300 months of imprisonment and eight years of supervised release.

## II.

On appeal, Handy contests the District Court's application of the career offender designation and its imposition of a sentence above the low end of the advisory Guidelines range.[1] According to Handy, the District Court "erred in calculation of the advisory guidelines" by sentencing him as a career offender and not allowing a downward departure or variance on account of "the remoteness, pettiness, and non-violent nature of the predicate offenses." (Appellant's Brief at 13.) Noting that the enhancement was

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and this Court has appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We "review sentences for abuse of discretion, and review them for both procedural and substantive reasonableness." United States v. Grober, 624 F.3d 592, 599 (3d Cir. 2010) (citing United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). A sentence is procedurally unreasonable if, for instance, the district court improperly calculates the Guidelines range, fails to consider the 18 U.S.C. § 3553(a) factors, relies on clearly erroneous facts, or does not adequately explain the chosen sentence. See, e.g., id. "We will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" Id. (quoting Tomko, 562 F.3d at 568).

designed to target high-level dealers with a record of federal drug trafficking offenses, he argues that the District Court misapplied the law by indicating that there was a substantial risk of re-offending even though "Mr. Handy falls into the category of twenty-seven (27%) percent chance of re-offending according to the Sentencing Commission." (Id. at 14.) Handy contends that, even if his sentencing did not implicate a mixed issue of law and fact, a reasonable court would have either refused to apply the career offender designation or departed to a more appropriate sentencing range of 151 to 188 months' incarceration. Pointing to his family history, the birth of his daughter, the remoteness and timing of his prior drug convictions, and the allegedly disparate treatment of his co-conspirators (e.g., "[Ms. Smith] received a time-served county sentence of nine (9) months" while "Ms. Smith's brother was never charged for his involvement" (id. at 16)), Handy argues that "[t]he District Court abused its discretion by not sentencing Mr. Handy to the lowest level of the advisory guideline range in light of the sentencing factors set forth in 18 U.S.C. § 3553(a)" (id. at 9).

The District Court did not commit any reversible error in sentencing Handy. On the contrary, its sentence was neither procedurally nor substantively unreasonable. Handy admits that he "satisfies the prior drug conviction requirements to make him a career offender." (Id. at 11.) In fact, the District Court recognized that "[t]his is your seventh drug-related conviction." (A35.) Furthermore, "[y]ou've committed crimes while on supervision for other convictions." (Id.) Specifically, Handy had, inter alia, Pennsylvania convictions "for Possession of Cocaine and Delivery of Cocaine, Possession with Intent to Deliver Cocaine in three (3) separate incidents in 2004;

4

Delivery of Cocaine in 2005 and Receiving Stolen Property in 2008, Possession of a Controlled Substance and Fleeing and Eluding Police in 2011; [and] False Identification to Law Enforcement in 2016." (Appellant's Brief at 7-8.) The District Court appropriately noted that his time in county jail and the two years he spent in state prison "didn't seem to improve things." (A36.) "While you suggest that you endured a lack of support and guidance in early drug use as a youth, I want to make it clear that I don't believe that you are simply a misguided youth at this point in your life [as a man in his mid-thirties]." (A35 (further noting that fact that past 30 months of incarceration took him away from his young daughter "does not cleanse the record before me as a I see it.").) The District Court also properly considered the seriousness of the offense (e.g., "50 grams of cocaine were found in a room where two children under the age of 15 were located" (A35)) and the need to avoid unwarranted sentencing disparities.

III.

For the foregoing reasons, we will affirm the sentence entered by the District Court.